UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLOMON CLANTON p/k/a SLUGGA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEF JAM RECORDINGS, a business entity; GAMEBREAD, LLC, a limited liability company; UMG RECORDINGS, INC., a Delaware corporation; TAUHEED EPPS p/k/a 2CHAINZ, an individual; KENNON JACKSON p/k/a YG, an individual; KIARI CEPHUS p/k/a OFFSET, an individual; TYLER MATTHEW CARL WILLIAMS p/k/a T-MINUS, an individual; JOSH VALLE, an individual; MATTHEW JEHU WILLIAMS, an individual; and DOES 1 THROUGH 20,<br>        Defendants. | Case No.: 20-CV-_____ |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**TRIAL BY JURY DEMANDED**

Plaintiff Solomon Clanton, known professionally as "Slugga" ("Slugga") by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Slugga is a hip-hop artist whose works are available on Spotify, Amazon Music, Apple, and other online platforms. He has written, recorded, and marketed a number of original songs, including one entitled "Proud," which was released in 2015. After this song's release, the hip-hop artist known as 2Chainz released a song also entitled "Proud," which featured substantially similar lyrics and music, including the hook and thematic elements. Unable to work out the dispute outside of court, this action is brought to address the infringement.

## PARTIES

1. At all relevant times, Slugga was an individual residing in the state of Georgia.

2. At all relevant times, Defendant UMG Recordings, Inc. ("UMG") was a Delaware corporation registered to do business and doing business in the state of New York with an office in New York County, New York.

3. At all relevant times, Def Jam Recordings was a division of UMG with its offices in New York County, New York.

4. At all relevant times, Gamebread, LLC was a company doing business in and with New York County, New York.

5. At all relevant times, Defendant Tauheed Epps, known professionally as "2Chainz" is a hip-hop artist who does business in and with the state of New York.

6. Defendant Keenon Jackson, known professionally as "YG" is a hip-hop artist who does business in and with the state of New York.

7. Defendant Kiari Cephus, known professionally as "Offset" is a hip-hop artist who does business in and with the state of New York.

8. Tyler Matthew Carl Williams, known professionally as "T-Minus" is a music producer who does business in and with the state of New York.

9. Defendant Josh Valle is a musician who does business in and with the state of New York.

10. Defendant Matthew Jehu Williams is a musician who does business in and with the State of New York.

11. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive, and for that reason, sue defendant(s) under such fictitious names. Plaintiff is informed and believes and based thereon alleges that such fictitiously named defendants are responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named defendants are ascertained. As alleged herein, the term "Defendants" shall mean all named defendants and all fictitiously named defendants.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over each and every one of the Defendants. Venue in this Court is proper under 28 U.S.C. § 1391(c) and 1400(a) because one or more Defendants reside and/or carry on business here, and the wrongful acts of Defendants took place, in whole or in part, in this District.

13. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

14. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

## GENERAL FACTUAL ALLEGATIONS

15. Slugga is the author and copyright owner in the musical composition and sound recording "Proud" (the "Subject Composition"), which he first recorded and released in 2015.

16. On April 29, 2018, Slugga registered the sound recording in which the Subject Composition is embodied with the United States Copyright Office, receiving Registration Number SR 829-134.

17. Since its initial release and publication, "Proud" has been widely shared and listened to online and on social media.

18. Defendants have had repeated and continuing access to the Subject Composition in various ways including streaming services, websites and social media. Without limiting the access and knowledge of other Defendants, Slugga is informed and believes and thereon alleges that, at all relevant times, 2Chainz, Jackson, Valle and their agents were specifically aware of "Proud."

19. Plaintiffs discovered that since at least March 2018 Defendants have continuously and repeatedly infringed, and are presently infringing, Slugga's copyright in the Subject Composition, in a song publicly performed by 2Chainz as part of his highly successful album "The Play Don't Care Who Makes It."

20. Defendants copied the principle theme of the Subject Composition virtually note for note and have made that copied theme the principle theme of a song purportedly written by 2Chainz, Valle and Jackson also entitled "Proud" (the "Infringing Work"), to the point that the principle themes, lyrics and rhythm of the two works are strikingly similar. Both the notes and the words surrounding the principal hook "I'm just tryin' to make my mama proud" in the Subject Composition and the Infringing Work are identical. The similarities of the two works include:

21. A "crucial musical climactic moment" of the Infringing Work is not only similar but identical to the Subject Composition. See example 1 below:

///

**EXAMPLE #1 (Subject Composition: top row; Infringing Work: bottom row)**



22. Both songs also use the same call-and-response technique in the lyrics and have the same 2/4 time signature (two beats per measure). See Example 1, above.

23. The music videos for both songs also use a media clip and a spoken word introduction for the song: Slugga's video begins with a spoken word clip about murders in Savannah, Georgia, and the 2Chainz video begins with a spoken word clip.

24. Both the Subject Composition and the Infringing Work open with a sustained note or chord played by an organ.

25. The similarities between the Infringing Work and the Subject Composition in structure, theme, lyrics and rhythm demonstrate that portions of the Infringing Work were copied wholesale from the Subject Composition.

26. Since 2018, 2Chainz' Infringing Work has been performed, sold, played, and streamed on numerous platforms, generating substantial profits for Defendants.

27. In October 2019, Slugga sent Defendants UMG and Def Jam a cease and desist letter demanding that Defendants stop infringing Slugga's copyright. Defendants have not responded to the letter and have continued to infringe Slugga's copyright in the Subject Composition, which constitutes further evidence of their willful infringement.

**FIRST CLAIM FOR RELIEF**

(For Direct Copyright Infringement – Against All Defendants)

28. Slugga repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Slugga owns the copyright in the Subject Composition which was registered with the United States Copyright Office before the occurrence of the infringement claimed herein.

30. Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work of the Subject Composition infringes Slugga's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

31. Defendants did not seek or receive permission to copy, take, sample, or interpolate any portion of the Subject Composition when creating the Infringing Work. Yet, Defendants exploited a substantial and material portion of the Subject Composition in composing and recording the Infringing Work.

32. Defendants' conduct has at all times been, and continues to be, knowing, willful, and with complete disregard to Slugga's rights.

33. As a proximate cause of Defendants' wrongful conduct, Slugga has been irreparably harmed.

34. The infringing "Proud" song copies quantitatively and qualitatively distinct, important, and recognizable portions of the Subject Composition, as discussed above.

35. From the date of creation of the Infringing Work, Defendants, and each of them, have infringed Slugga's copyright interest in the Subject Composition by, without limitation: (a) authorizing the live performance, reproduction, distribution and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing physical or digital or electronic copies of the Infringing Work through various physical and online sources; (b) performing the Infringing Work at live productions and other performances, (c) participating in and furthering the

aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Subject Composition in and as part of the Infringing Work, packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including, but not limited to, audio and video.

36. Slugga is informed and believes and based thereon alleges that Defendants, and each of them, had access to the Subject Composition, including, without limitation, through (a) listening to the recording via Slugga's public performances or recordings, (b) streaming the Subject Composition online, and (c) listening to the Subject Composition through a third party. Slugga further alleges that the identical nature of the copying establishes access.

37. Slugga is informed and believe and thereon allege that Defendants, and each of them, performed and distributed songs and recordings thereof that were unauthorized copies of the Subject Composition, and exploited said composition online, in advertising, and in productions.

38. Slugga is informed and believe and thereon allege that Defendants, and each of them, infringed Slugga's copyrights by creating infringing derivative works from the Subject Works and by performing and publishing the infringing work to the public, including without limitation, through its live performances, YouTube channels, or elsewhere.

39. Slugga is informed and believe and thereon allege that Defendants, and each of them, infringed Slugga's rights by copying the Subject Composition without Slugga's consent.

40. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Slugga's rights in the Subject Composition. As such, Slugga is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Slugga's rights in the Subject Composition in an amount to be established at trial.

41. Slugga is entitled to elect actual damages, including the substantial profits of Defendants, or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), in an amount to be proven at trial.

42. Slugga is entitled to his costs, including reasonable attorneys' fees.

43. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Slugga irreparable injury that cannot be fully compensated or measured in monetary terms. Pursuant to 17 U.S.C. § 502, Slugga is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of the Infringing Work, including the Subject Composition.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Slugga respectfully prays for judgment against all Defendants, and each of them individually, as follows:

a. A declaration that Defendants have infringed Slugga's copyrighted musical work in violation of the Copyright Act;
b. A declaration that Defendants are liable for copyright infringement;
c. A permanent injunction requiring Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Slugga's rights protected by the Copyright Act;
d. That a constructive trust be entered over the infringing work and any revenues realized through the exploitation of the infringing work;
e. For either statutory damages or the actual damages sustained by Slugga;
f. For an accounting and the disgorgement of any profits realized by the Defendants, and each of them, though the exploitation of the infringing work;
g. For punitive damages;
h. For injunctive relief from any and all present and/or future exploitation;
i. For restitutionary damages;

    j.   For prejudgment interest;

    k.   For attorney's fees, where applicable, interest, and costs of suit; and

    l.   For such other and further relief as to this Court seems just and proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 4, 2020                By:  */s/ Scott Alan Burroughs*
                                                 Scott Alan Burroughs, Esq.
                                                 scott@donigerlawfirm.com
                                                 Michael D. Steger, Esq.
                                                 michael@donigerlawfirm.com
                                                 DONIGER / BURROUGHS
                                                 231 Norman Avenue, Suite 413
                                                 Brooklyn, NY  11222
                                                 (310) 590-1820
                                                 Attorneys for Plaintiff